Amy Lynn Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREA HICKS, | ) Case No.: <br> ) <br> ) COMPLAINT FOR DAMAGES <br> ) 1. VIOLATION OF THE FAIR <br> ) DEBT COLLECTION PRACTICES <br> ) ACT, 15 U.S.C. § 1692, ET. SEQ. <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) <br> ) |
| Plaintiff, | |
| v. | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | |
| Defendant. | |

# COMPLAINT

ANDREA HICKS ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PORTFOLIO, RECOVERY ASSOCIATES, LLC ("DEFENDANT"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and Cal. Civ. Code §1788, *et. seq.*

- 1 -
PLAINTIFF'S COMPLAINT

("RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Supplemental jurisdiction over all state law claims is proper pursuant to 28 U.S.C. § 1367 *et seq.*

4. Defendant regularly conducts business in the State of California, thus, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

6. Plaintiff is a natural person residing in Monrovia, California 91017.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a corporation with its principal place of business located

at 140 Corporate Boulevard, Norfolk, VA 23502.

9. At all relevant times, Defendant acted as a "debt collector(s)" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all relevant times herein, Defendant was attempting to collect an alleged consumer debt and contacted Plaintiff in its attempts to collect that debt.

12. The alleged debt at issue, a Capital One credit card, arose out of transactions, which were primarily for personal family, or household purposes.

13. Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore, the debt if truly and obligation owed by her could only have arisen from financial obligation for primarily personal, family, or household purposes.

14. Beginning in or around the middle of September 2014, and continuing thereafter, Defendant placed repeated telephone calls to Plaintiff, in its attempts to collect the above referenced debt.

15. Plaintiff believes that while she owes the debt at the subject of Defendant's collection activities, she believes that the amount being collected by Defendant is too high, as the amount owed was much less.

16. During the relevant period, Plaintiff received on average two (2) collection calls each day, from the numbers including but not limited to: (620) 860-0784 and (205) 238-6074. The undersigned has confirmed that this number belongs to Defendant.

17. Plaintiff recognized this phone number from Defendant contacting her several years prior to collect on two other debts.

18. After informing Defendant that Plaintiff would contact them to make payment arrangements, Plaintiff revoked consent to call her on her cell phone in early 2015.

19. Despite this revocation, Defendant refused Plaintiff's revocation and continued to call Plaintiff at least ten (10) times after the revocation of consent.

20. Further, on August 20, 2015, Defendant contacted Plaintiff while she was at work and unable to answer the calls. Plaintiff was contacted at a private home where she is employed, and not associated with the name assigned to the phone number.

21. During this call to Plaintiff's employer, Defendant identified themselves as a debt collector and that Plaintiff owed a debt that Defendant was

trying to collect, without first verifying that Defendant's collectors were speaking with the Plaintiff.

22.   This caused great embarrassment and anxiety to Plaintiff.

23.   Plaintiff can identify that it was Defendant as she spoke with female representatives of Defendant who identified the Defendant by name.

24.   Furthermore, Defendant also threatened legal action against Plaintiff if the debt remained unpaid.

25.   Finally, Plaintiff installed a call blocking app on her cell phone after Plaintiff revoked her consent to be contacted.  Defendant continued to call Plaintiff's cell phone.

**COUNT I**
**DEFENDANT VIOLATED § 1692c(b) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

26.   Section 1692c(b) of the FDCPA states that a debt collector shall not state that a consumer owes a debt to a third party except for reasons expressly given under § 1692(b) without the prior consent of the consumer.

27.   Defendant violated § 1692c(b) of the FDCPA when it contacted Plaintiff's employer and revealed the fact that Plaintiff owed a debt.

## COUNT II
## **DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE FDCPA**

28. Section 1692d of the FDCPA prohibits a debt collector from engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

29. Section 1692d(5) of the FDCPA prohibits a debt collector from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

30. Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA by repeatedly contacting Plaintiff, on average ten (10) times each week, and on weekends, even after being advised to stop.

## COUNT III
## **DEFENDANT VIOLATED § 1692e OF THE FDCPA**

31. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation of means in connection with the collection of any debt.

32. Here, Defendant violated § 1692e of the FDCPA by falsely representing the amount of the debt, and when it threatened to take legal action it had no intention of pursuing.

## COUNT IV
## DEFENDANT VIOLATED § 1692e(2) OF THE FDCPA

33. Section 1692e(2) of the FDCPA prohibits a debt collector from falsely representing the character, amount, or legal status of any debt.

34. Here, Defendant violated § 1692e(2) of the FDCPA when it claimed a collection amount of $900, that the Plaintiff believes to be much higher than the actual debt owed.

## COUNT V
## DEFENDANT VIOLATED § 1692e(5) OF THE FDCPA

35. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

36. Here Defendant violated § 1692e(5) of the FDCPA when it threatened to pursue legal action it had no intention of taking.

## COUNT VI
## DEFENDANT VIOLATED § 1692f OF THE FDCPA

37. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect any debt.

38. Here, Defendant violated § 1692f of the FDCPA by attempting to collect an amount, $900, which was not expressly authorized by the alleged agreement creating the debt, nor was it permitted by law.

## COUNT VII
## DEFENDANT VIOLATED § 1692f(1) OF THE FDCPA

39. Section 1692f(1) of the FDCPA prohibits a debt collector from collecting any amount (including interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

40. Here, Defendant violated § 1692f(1) of the FDCPA by attempting to collect $900, when the alleged principal obligation is believed by Plaintiff to be much lower.

## COUNT VII
## DEFENDANT VIOLATED THE
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

41. Section 1788.17 of the California Civil Code mandates that every debt collector attempting to collect a consumer debt shall comply with § 1692b through § 1692j of the FDCPA.

42. Defendant violated Cal. Civ. Code § 1788.17, when it violated the FDCPA for the reasons set forth in this Complaint.

WHEREFORE, Plaintiff, ANDREA HICKS, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs pursuant to 15 U.S.C. § 1693k(a)(3);

    d. All actual damages, statutory damages, reasonable attorney's fees and costs, and any other litigation costs incurred by Plaintiff pursuant to the RFDCPA at Cal. Civ. Code § 1788.17; and

    e. Any other relief deemed appropriate by this Honorable Court.

# DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ANDREA HICKS demands a jury trial in this case.

Respectfully submitted,

DATED: September 18, 2015

By: /s/ Amy Lynn Bennecoff Ginsburg
Amy Lynn Bennecoff Ginsburg, Esq.
(275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff